UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO MENESES RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>ABS GLOBAL, INC.,<br><br>Defendant. | Case No. 1:25-cv-01121-JLT-CDB<br><br>ORDER ON STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(Doc. 22)<br><br>ORDER ON STIPULATION TO AMEND SCHEDULING ORDER<br><br>(Doc. 23)<br><br>**7-Day Deadline** |

Plaintiff Romulo Meneses Rodriguez initiated this action with the filing of a complaint in state court on July 31, 2025.  (Doc. 1-1).  Defendant ABS Global, Inc., removed the action on September 3, 2025. (Doc. 1).  The case was scheduled on December 1, 2025. (Doc. 12).  Pursuant to the operative scheduling order, the deadline to seek leave to amend pleadings was March 20, 2026. *Id.*

Pending before the Court are two stipulated requests filed by the parties: (1) for leave for Plaintiff to file a first amended complaint (Doc. 22) and (2) for amendment of the scheduling order (Doc. 23).

///

///

**Stipulation for Leave to File First Amended Complaint**

The parties represent that, in April 2026, Plaintiff's counsel "discovered that Plaintiff inadvertently failed to obtain a 'right to sue' letter from the California Civil Rights Department against Defendant" prior to filing the complaint in state court. (Doc. 22 at 2). The parties provide that Plaintiff obtained the "right to sue" letter on May 19, 2026, when Plaintiff was "still within the relevant statute of limitations to exhaust his administrative remedies." The parties assert that they met and conferred and, in order to avoid costs and expenses of dismissing the case and re-filing, agreed that Plaintiff should file a first amended complaint. The parties agreed that Defendant shall not raise Plaintiff's "timely exhaustion of his administrative remedies … as a defense, once the [first amended complaint] is filed." *Id.* at 3-4.

The parties attach to their filing a copy of Plaintiff's proposed first amended complaint. *Id.,* Ex. B. Notwithstanding that the deadline to seek leave to amend has passed (*see* Doc. 12), having considered the parties' stipulated representations, the existence under Rule 16 of good cause to modify the deadline to amend pleadings, and the factors enunciated in *Western Shoshone Nat'l Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 1991), *cert. denied*, 506 U.S. 822 (1992), the parties' request for Plaintiff to have leave to amend the complaint will be granted.

**Stipulation to Amend the Scheduling Order**

The parties represent that they temporarily withheld scheduling depositions as they discussed how to resolve Plaintiff's failure to exhaust his administrative remedies, with this situation taking "a few weeks to resolve." (Doc. 23 at 3). Once resolved, the parties provide that they began coordinating depositions but that Defendant's Rule 30(b)(6) witness is "scheduled to undergo throat surgery this week" and the "parties cannot be certain" that the deposition will occur prior to the present non-expert discovery deadline of July 6, 2026, and the parties "consider it prudent to allow for additional recovery time if necessary." The parties assert that they have been engaging in settlement discussions and "have tried to avoid incurring additional fees and expenses as they determine whether settlement is feasible prior to depositions." *Id.* at 3-4. The parties attach the declarations of counsel for Plaintiff Edwin Pairavi and counsel for Defendant Kendra E. Samson setting forth the same. *See* (Docs. 23-1, 23-2).

2

The parties request the following extensions of case management dates (Doc. 23 at 2, 4):

| Event | Current Date | New Date |
| --- | --- | --- |
| Non-Expert Discovery Deadline | 07/06/2026 | 07/31/2026 |
| Expert Disclosure Deadline | 07/20/2026 | 08/14/2026 |
| Rebuttal Disclosure Deadline | 08/17/2026 | 09/11/2026 |
| Expert Discovery Deadline | 09/21/2026 | 10/16/2026 |

Though the parties' representations establish good cause to grant the stipulated request to amend case management dates consistent with the parties' request, the Court expects the parties to engage in settlement negotiations in parallel with the established discovery deadlines. The parties are admonished that no further extensions of time will be granted if based solely on the parties' efforts to avoid incurring fees and expenses as they pursue settlement negotiations.

**Conclusion and Order**

In light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED:

1. Within seven (7) days after issuance of this order, Plaintiff SHALL file as a stand-alone docket entry the first amended complaint proposed in the parties' stipulation (Doc. 22, Ex. B).

2. Defendant SHALL respond to the first amended complaint within 14 days of service. *See* Fed. R. Civ. P. 15(a)(3).

3. The operative scheduling order (Doc. 12) is amended as follows:

| Event | Current Date | New Date |
| --- | --- | --- |
| a. Non-Expert Discovery Deadline | 07/06/2026 | 07/31/2026 |
| b. Expert Disclosure Deadline | 07/20/2026 | 08/14/2026 |
| c. Rebuttal Disclosure Deadline | 08/17/2026 | 09/11/2026 |
| d. Expert Discovery Deadline | 09/21/2026 | 10/16/2026 |

///

///

All other provisions of the operative scheduling order and existing case management dates (*i.e.*, for non-dispositive and dispositive motion filings and hearings, pre-trial conference, and trial) not in conflict with this order remain in effect.

IT IS SO ORDERED.

Dated:    **June 10, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4